Law Offices of Samuel A. Sue
SAMUEL A SUE, SBN 201817
310 Third Avenue, B-1
Chula Vista, CA 91910
Tel: 619-475-4368
Fax: 619-475-5180
ATTORNEY FOR MICHAEL A. TAIBI

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. TAIBI<br><br>Defendant | CIVIL CASE NO. 10CV2250<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

    Defendant, Michael A. Taibi, by and through its counsel, Samuel A. Sue, and opposes Plaintiff's Motion for Summary Judgment with respect to the claims in the complaint (Doc. No. 1) filed on November 10, 2010.

### BACKGROUND

    This case involves a federally insured loan obligation purportedly entered into by Michael A. Taibi. The loan was allegedly contracted between Mr. Taibi and the Citibank of Rochester, New York, though this contract has never been produced by the United States, Citibank or any of the parties ever seeking its enforcement.

The facts are laid out in Defendant's supporting declaration attached hereto. Plaintiff incorrectly suggests that the original loan was in April 1993. Defendant commenced law school education in August 1989, at which time Defendant recalls entering into a promissory note for the original student loans.  In April 1993, Plaintiff alleges Defendant consolidated these loans with Citibank, for which Defendant signed a promissory note.  However, this promissory note by its language states specifically that Defendant was to receive a Disclosure Statement with information concerning the actual terms of the notes which are the subject of Plaintiff's case.  Section IV of the Loan Consolidation Application and Promissory Note, which Plaintiff bases the underlying Complaint and subsequent Motion for Summary Judgment upon, specifically states in pertinent part the following:  "I, the undersigned borrower, promise to pay to you or your order a sum certain equal to the loan amount **as identified in my Disclosure Statement and Repayment Schedule which will be provided to me…**(emphasis added)."  The promissory note further states in pertinent part: "**In the event  the Disclosure Statement conflicts with any information on the Application and Promissory Note, the Disclosure Statement will apply**" (emphasis added).  Plaintiff has not provided this Disclosure Statement and Repayment Schedule at any time during the pendency of this case, and Defendant does not recall ever receiving such a document.

Additionally, Section V of the Loan Consolidation Application and Promissory Note which is "to be completed by Citibank," was to contain the Anticipated Distribution Date, First Payment Due Date, New Loan Balance, Terms, and Rate, as suggested by the captions contained within this section.  However, none of this information was filled in as required, and the actual terms of the promissory note do not exist, and have not been provided by Citibank or Plaintiff, or anyone else who has held this alleged Note. Plaintiff alleges that the interest rate per annum is 9%; however, the Loan Consolidation Application and Promissory Note does not provide any terms of a contract, including but

not limited to the total amount of interest per annum to be charged or the total amount of the loan.

Furthermore, through previous counsel, Defendant has requested numerous times from USA Funds, since June of 2000, a bill of particulars with respect to the underlying loans and the promissory note of Citibank. Defendant has never been provided such a bill of particulars specifically identifying my payment history. Plaintiff alleges that Defendant defaulted on the promissory note and promise to pay in March of 1998; however, Plaintiff does not provide any of the payments Defendant made towards this loan, not even at least for the period of inception in April, 1993, to the time Defendant supposedly defaulted in 1998, a total of five years. Plaintiff submits a Certificate of Indebtedness created by the U.S. Department of Education that suggests the holder of the loan "credited $0.00 to the outstanding principal owed on the loan," not that no payments were ever made, because no payment history for Defendant's account can be provided by Plaintiff.

Mr. Taibi never received the Disclosure Statement nor has any party in this proceeding or any party allegedly claiming a loan to Mr. Taibi produced such Disclosure Statement.

II

ARGUMENT

Summary Judgment is only appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating no genuine issue of material fact exists. Celotex Corp. V. Catrett, 477 U.S. 317,232 (1986).

The court must view evidence in the light most favorable to the non-movant party and must draw all reasonable inferences in the non-movant's favor. Clicks Billiards Inc. v. Sixshooters Inc. 251 F. 3d 1252, 1257 (9th Cir. 2001).

Because there is no federal common law the federal courts look to the law of the individual states to determine the substantive law to follow regarding many types of cases. Erie R. Co. v. Thomkins 1938, S. Ct. 817, 822. This is true of contract law, in which a federal court in California with all parties domiciled in the state would follow California contract law. To make out a cause of action for breach of contract in California one of the requirements is the pleading of a contract as well as the terms of such contract. California Civil Procedure 430.10(g). Plaintiff cannot recover without first establishing an absolute breach of the terms of the contract on the part of defendant. ( *Hutchinson* v. *Wetmore*, 2 Cal. 310; 56 Am. Dec. 337; *Jones* v. *Post*, 6 Cal. 102; *Purdy* v. *Bullard*, 41 Cal. 444; *Cox* v. *McLaughlin*, 63 Cal. 196; Bishop on Contracts, secs. 682 et seq.; *Clark* v. *Baker*, 5 Met. 452; 2 Parsons on Contracts, sec. 523; *Marshall* v. *Jones*, 11 Me. 54; 25 Am. Dec. 260; *Ala. Gold Life Ins Co.* v. *Garmany*, 74 Ga. 51.) The covenants of the contract are mutual and dependent, and in order to enable respondent to maintain this action, it must be shown that he performed, or offered to perform, all the terms and conditions of the contract within the time specified. ( *Hill* v. *Grigsby*, 35 Cal. 656; *S. S. & L. S.* v. *Hildreth*, 53 Cal. 721; *Englander* v. *Rogers*, 41 Cal. 420; *Bohall* v. *Diller*, 41 Cal. 532; *Kelly* v. *Mack*, 45 Cal. 303; *Shinn* v. *Roberts*, 1 N. J. L. 435; 43 Am. Dec. 636.)

After discovery in this case the United States of America has failed to show the terms of the contract of which Mr. Taibi is allegedly in breach. (See supporting Declaration of Samuel A. Sue) They have provided a 1993 Loan Consolidation Application and Promissory Note that references earlier loans that Mr. Taibi was to have contracted for, yet they do not produce these loans from which the Loan Consolidation Application and Promissory Note was based. More damagingly, the Loan Consolidation Application and Promissory Note specifically states on it, in bold letters, "I the undersigned borrower, promises to pay to you or your order a sun equal to the loan amount as identified in my Disclosure Statement and Repayment Schedule which will be provided to me at the time my former creditors have discharged my obligations on

the loans selected for consolidation. In the event the Disclosure Statement conflicts with any information on the Application and Promissory Note, the Disclosure Statement will apply". Such Disclosure Statement was never sent to Mr. Taibi, nor was it produced by the United States in discovery in this action. For example,  In a case involving a sale of real estate the Supreme Court has held that the material factors to be ascertained from such a contract are: the seller, the buyer, the price to be paid, the time and manner of payment, and a sufficient description of the subject property so it may be identified. (*King* v. *Stanley*, 32 Cal.2d 584, 589 [197 P.2d 321].) Contract terms are essential to the formation of the contract and if the Defendant in this matter was not advised of them he cannot be held in breach.  As such the United States has not met its burden of pleading a contract or its terms

In order for Plaintiff's to enforce the alleged contract in this matter they must have performed all conditions precedent to the contract.  In pleading the performance of conditions precedent in a contract, it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part. (Code Civ. Proc., sec. 457.) As to the form of allegation showing performance, an allegation that the plaintiff has "fully performed," on his part, all conditions of the contract, is sufficiently explicit. ( *California Steam Nav. Co.* v. *Wright*, 6 Cal. 258; 65 Am. Dec. 511;  [***6] *People* v. *Jackson* , 24 Cal. 630; *People* v. *Holladay*, 25 Cal. 303; *Rhoda* v. *Alameda Co.*, 52 Cal. 350; *Himmelman* v. *Danos*, 35 Cal. 441-448; *Ferrer* v. *Home Mutual Ins. Co.*, 47 Cal. 416-431; *Griffiths* v. *Henderson*, 49 Cal. 566-570; *Blasingame* v. *Home Ins. Co.*, 75 Cal. 633-638; *Moritz* v. *Lavelle*, 77 Cal. 10-12; 11 Am. St. Rep. 229; *Cowan* v. *Phoenix Ins. Co.*, 78 Cal. 181; Bliss on Code Pleading, sec. 301, ed. of 1879.) In this case they failed to provide the disclosure statement which is essential to Defendant's ability to perform.   Hence Plaintiff's may not enforce the contract.

Without a contract in this case or its terms, Plaintiff's Motion must fail. The Court should deny the Motion.

III

CONCLUSION

As set forth above and in the accompanying declaration and exhibits, Plaintiff's motion should be denied. For all the foregoing reasons, Defendant requests that the court enter judgment in its favor on all the claims of the complaint.

Dated: 2/1/12

Respectfully submitted,
SAMUEL A. SUE

SAMUEL A. SUE
Attorney for Michael A. Taibi

–6–

Samuel A. Sue, Esq., SBN #201817
LAW OFFICES OF SAMUEL A. SUE
310 Third Avenue, Ste. B-1
Chula Vista, CA 91910
Telephone: (619)475-4368
Facsimile: (619)475-5184

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>MICHAEL A. TAIBI,<br><br>      Defendant. | Civil No. 10CV2250-JLS (CAB)<br><br>DEFENDANT'S DECLARATION IN OPPOSITION OF GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT |

I, Michael A. Taibi, hereby submit my declaration in opposition to Plaintiff's Motion for Summary Judgment:

1.  I am the Defendant in the above entitled action and I have personal knowledge of the following. If called to testify, I am able to competently testify thereto to the contents contained within this Declaration.

2.  Plaintiff incorrectly suggests that the original loan to me was in April 1993. I commenced my law school education in August 1989, at which time I recall entering into a promissory note for the original student loans. In April 1993, Plaintiff alleges I consolidated these loans with Citibank, for which I signed a promissory note. However, this promissory note by its language states specifically that I was to receive a Disclosure Statement with information concerning the actual terms of the notes which are the subject of Plaintiff's case. Section IV of the Loan Consolidation Application

-1-

and Promissory Note, which Plaintiff bases the underlying Complaint and subsequent Motion for Summary Judgment upon, specifically states in pertinent part the following: "I, the undersigned borrower, promise to pay to you or your order a sum certain equal to the loan amount **as identified in my Disclosure Statement and Repayment Schedule which will be provided to me...**(emphasis added)." The promissory note further states in pertinent part: "**In the event the Disclosure Statement conflicts with any information on the Application and Promissory Note, the Disclosure Statement will apply**" (emphasis added). Plaintiff has not provided this Disclosure Statement and Repayment Schedule at any time during the pendency of this case, and I do not recall ever receiving such a document.

3.      Additionally, Section V of the Loan Consolidation Application and Promissory Note which is "to be completed by Citibank," was to contain the Anticipated Distribution Date, First Payment Due Date, New Loan Balance, Terms, and Rate, as suggested by the captions contained within this section. However, none of this information was filled in as required, and the actual terms of the promissory note do not exist, and have not been provided by Citibank or Plaintiff, or anyone else who has held this alleged Note. Plaintiff alleges that the interest rate per annum is 9%; however, the Loan Consolidation Application and Promissory Note does not provide any terms of a contract, including but not limited to the total amount of interest per annum to be charged or the total amount of the loan.

4.      Furthermore, through previous counsel, I have requested numerous times from USA Funds, since June of 2000, a bill of particulars with respect to the underlying loans and the promissory note of Citibank. I have never been provided such a bill of particulars specifically identifying my payment history. Plaintiff alleges that I defaulted on the promissory note and promise to pay in March of 1998; however, Plaintiff does not provide any of the payments I made towards this loan, not even at least for the period of inception in April, 1993, to the time I supposedly defaulted in 1998, a total of five years. Plaintiff submits a Certificate of Indebtedness created by the U.S. Department of Education that suggests the holder of the loan "credited $0.00 to the outstanding principal owed on the loan," not that no payments were ever made, because no payment history for my account can be provided by Plaintiff.

- 2 -

5.      Plaintiff seeks to enforce an unenforceable contract.  Furthermore, Plaintiff has not, and cannot provide any payment history for the account to substantiate Plaintiff's claim for monetary recovery.  Based upon the foregoing, I respectfully request Plaintiff's motion for summary judgment be denied.

I declare under penalty of perjury that the foregoing is both true and correct to the best of my knowledge and belief.  Executed this 1st day of February, 2012, in San Diego, CA.

DATED: February 1, 2012

/ s / Michael A. Taibi

Defendant, MICHAEL A. TAIBI

Defendant's Declaration in Opposition to Government's Motion for Summary Judgment, and in Support of Plaintiff's Motion for Summary Judgment, Civil No. 10CV2250JLS(CAB)

Law Offices of Samuel A. Sue
SAMUEL A SUE, SBN 201817
310 Third Avenue, B-1
Chula Vista, CA 91910
Tel: 619-475-4368
Fax: 619-475-5180
ATTORNEY FOR MICHAEL A. TAIBI

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. TAIBI<br><br>Defendant | CIVIL CASE NO. 10CV2250<br><br>DECLARATION OF SAMUEL A. SUE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS. |

I, Samuel A. Sue, hereby submit my declaration in support of Defendant's Motion for Summary Judgment, as follows:

1.      I am attorney for Defendant in the foregoing action and I have personal knowledge of the following.  If called to testify, I am able to competently testify thereto to the contents contained within this Declaration.

-1-

2.      I have reviewed all documents submitted by Plaintiff in this action, both in the original complaint and in subsequent discovery, and Plaintiff has not provided the disclosure statement mentioned in the consolidation presented in Plaintiff's Complaint, nor has Plaintiff submitted any evidence such disclosure statement ever existed or was provided to Defendant.

I declare under penalty of perjury that the foregoing is both true and correct to the best of my knowledge and belief.  Executed this 1st day of February, 2012, in San Diego, CA.


Dated: 2/1/12                                              Respectfully submitted,
                                                           SAMUEL A. SUE


                                                           SAMUEL A. SUE
                                                           Attorney for Michael A. Taibi

-2-