1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>      vs.<br><br>MICHAEL A. TAIBI,<br><br><br><br>                               Defendant. | CASE NO. 10-CV-2250 JLS (CAB)<br><br>**ORDER: GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 23) |

        Presently before the Court is Plaintiff United States of America's motion for summary judgment. (ECF No. 23.) Also before the Court are Defendant Michael A. Taibi's opposition (ECF No. 25) and Plaintiff's reply (ECF No. 27). The motion hearing set for February 23, 2012 is **HEREBY VACATED**, and the matter is taken under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, Plaintiff's motion is **GRANTED**.

## BACKGROUND

        Plaintiff filed this action on November 1, 2010 pursuant to 28 U.S.C. § 1345 for recovery of a defaulted student loan on behalf of the Department of Education. (Compl. 1, ECF No. 1.) Plaintiff alleges Defendant obtained a student loan in the amount of $36,235.03, which was insured by the

Department of Education pursuant to 20 U.S.C. § 1071. Defendant eventually defaulted on the loan, and the Department of Education later assumed all rights to the claim, which had accrued capitalized interest of $9,606.08, increasing the principal due to $45,841.11. (*Id.* at 2.) Defendant apparently never made any payments on the loan. Plaintiff now seeks judgment against Defendant in the amount of $45,841.11 plus interest at 9 percent from March 28, 1998 to the date of judgment, as well as other costs and penalties. (*Id.*) As of December 19, 2011, the date of Plaintiff's filing the instant motion for summary judgment, this amount totals $102,448.72. (MSJ 2, ECF No. 23.)

In support of its contentions, Plaintiff attached to the complaint a certificate of indebtedness executed in September, 2010 and apparently mailed to Defendant at an address in La Jolla, California. (Certificate, Compl. 3) The letter describes the history of the debt, beginning when Defendant secured a "Federal Family Education Loan Program Consolidation" loan for $36,235.03 from CitiBank in Rochester, New York on April 21, 1993. The loan obligation was guaranteed by United Student Aid Funds, and then reinsured by the Department of Education under loan guaranty programs authorized by federal statute. Defendant apparently defaulted on the obligation on March 26, 1998, at which point the holder filed a claim on the loan guarantee. After the guarantor was unsuccessful in collecting any amount due, on November 8, 2006, it assigned the loan to the Department of Education. The letter concludes by informing Defendant he owes $97,070.41 as of August 27, 2010, with interest accruing on the principal at a rate of $11.28 per day.

With its motion for summary judgment, Plaintiff additionally produces a copy of a "Loan Consolidation Application and Promissory Note," signed by Michael A. Taibi on April 21, 1993. (MSJ Ex. B.) Plaintiff also provides documentation of what appears to be the record of United Student Aid Funds of Defendant's default (MSJ Ex. C), letters indicating several attempts to collect on the loan by a debt collection company, National Payment Center, on behalf of the Department of Education (MSJ Ex. D), as well as the Declaration of Michael Illes, a loan analyst for the Department of Education (Illes Decl. ISO MSJ, ECF No. 23-3).

On January 5, 2011, Defendant filed an answer in which he denies that he obtained a student loan in the amount of $36,235.03 and denies defaulting on any loan. (Answer 1-2, ECF No. 3.) Defendant claims a lack of sufficient knowledge or information to form a belief as to the truth of the

remaining allegations in the complaint and asserts fourteen affirmative defenses, each stated generally and without any factual support in what can only be described as boilerplate fashion. (Answer 2-5.) In opposition to the instant motion for summary judgment, Defendant provides only his own Declaration (Taibi Decl. ISO Def.'s Opp'n, Ex. 1) and the Declaration of Samuel A. Sue, his attorney (Sue Decl. ISO Def.'s Opp'n, Ex. 2).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 permits a court to grant summary judgment where (1) the moving party demonstrates the absence of a genuine issue of material fact and (2) entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Material," for purposes of Rule 56, means that the fact, under governing substantive law, could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir.1997). For a dispute to be "genuine," a reasonable jury must be able to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The movant can carry his burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Id.* at 322. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 324. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**ANALYSIS**

To prevail on its claim to enforce a promissory note in a student loan case, the government must establish: (1) the existence of the note, signed by the defendant; (2) that the government is the current owner or holder of the note; and (3) the defendant's default on the amount due. *See United States v. Lawrence,* 276 F.3d 193, 197 (5th Cir. 2001); *United States v. Freeman*, 2002 WL 467688 (N.D.Cal. Mar. 25, 2002). To prove its claim, "the government may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). Once a *prima facie* case has been made, the burden shifts to the defendant to establish the nonexistence, extinguishment, variance in payment of the obligation, or some other affirmative defense. *Id.*

Here, Plaintiff has presented a copy of the original Promissory Note, signed by "Michael A. Taibi," a Certificate of Indebtedness attesting to the government's current ownership of the note, Defendant's default and the amount due, and a declaration of a Department of Education loan officer attesting to all of the above. The Court finds this evidence is sufficient to establish Plaintiff's *prima facie* case. *See United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975) (holding the government's *prima facie* case of loan default was clearly established by introduction of the promissory note, the guaranty agreement, and a sworn transcript of the account by an appropriate government officer, finding erroneous the district court's determination that the government had not met its burden, based solely on the defendants' denials and demands for more specific proof).

Defendant contests the entry of judgment against him for two primary reasons. First, he argues that Plaintiff has not provided the contract between Defendant and Citibank, or the Disclosure Statement. Second, he asserts that the Promissory Note is missing several material terms.[1] (Def.'s Opp'n 4-5.) The Court agrees with Plaintiff that Defendant's arguments boil down to a single

---

[1] Defendant also protests on general grounds without stating how these arguments rebut or negate an element of Plaintiff's case. Specifically, Defendant states he commenced law school in August, 1989, "at which time Defendant recalls entering into a promissory note for the original student loans." (Def.'s Opp'n 2.) Defendant further alleges that, despite having requested numerous times "from USA Funds, since June 2000, a bill of particulars with respect to the underlying loans and the promissory note of Citibank," he has not received any "payment history for Defendant's account." (Def.'s Opp'n 3.) The Court interprets these statements as further arguments based on the insufficiency of Plaintiff's evidence, and rejects them for the same reasons discussed below.

assertion that there is no contract obligating him to repay his student loan. (*See* Reply ISO MSJ 2., ECF No. 27.) As in *Irby*, Defendant's argument rests entirely upon denials and demands for more specific proof. For the following reasons, the Court finds Defendant has failed to establish a genuine issue of material fact, and accordingly that summary judgment of Plaintiff's claim is proper.

First, Defendant argues Plaintiff has not met its burden due to a lack of evidence. Primarily, Plaintiff does not recall ever receiving a Disclosure Statement "with information concerning the actual terms of the notes which are the subject of Plaintiff's case," even though the promissory note states Defendant was to receive such a document. (Def.'s Opp'n 2.) Plaintiff's failure to produce this Disclosure Statement and, perhaps, the original contract with Citibank, apparently establishes a question as to the occurrence of a condition precedent to the contract, rendering the contract unenforceable. (Def.'s Opp'n 2, 5.)

Similarly, Defendant argues that missing terms in Section V of the Promissory Note establish a question as to the validity of the contract's formation. (*Id.* at 2-3.) Defendant points to captions for Anticipated Distribution Date, First Payment Due Date, New Loan Balance, Terms, and Rate, "to be completed by Citibank," which are blank on the Promissory Note provided by Plaintiff. (*Id.*) The Note further fails to state the interest rate or the total amount of the loan. (*Id.*) Defendant argues the Note is thus invalid under a general concept of California contract law requiring certain material terms. (*Id.*) (referring to *King v. Stanley*, 197 P.3d 321, 324 (Cal. 1948) for the proposition that "the seller, the buyer, the price to be paid, the time and manner of payment, and the property to be transferred" are "material factors to be ascertained from the written contract.")[2]

Defendant's attempts to cast doubt on the sufficiency of Plaintiff's evidence fail. As Plaintiff points out, Defendant never requested any of the evidence he now asserts is crucially missing, or in fact requested production of any document during the discovery period in this case. (Reply 5.) Plaintiff claims it did not produce the referenced documents because it properly only produced documents it indented to "use to support its claims or defenses, unless the use would be solely for

---

[2] Although perhaps not ultimately relevant to the Court's present inquiry, Defendant conspicuously fails to mention that, in *King*, the court ultimately found the contract at issue did *not* fail for lack of adequate statement of terms and conditions, stating that "[e]quity does not require that all the terms and conditions of the proposed agreement be set forth in the contract," and that the essential terms "were determinable" in the contract at issue. *King*, 197 P.2d at 324.

impeachment," pursuant to Fed. R. Civ. P. 26(a)(1). (*Id.*)  After receiving Defendant's opposition to the instant motion, Plaintiff searched for and found the referenced documents, producing them in its Reply. (Reply 5; Exs. D & E.)

Because the Court agrees that Plaintiff initially provided enough evidence to establish its *prima facie* case, and because these documents respond directly to Defendant's allegations made in his opposition brief, the Court finds it may properly consider this rebuttal evidence even though it was offered for the first time in Plaintiff's reply brief. *See, e.g.*, *Saguaro Medical Associates, P.C. v. Banner Health* 2009 WL 3740700, 7 (D.Ariz. Nov. 6, 2009) (concluding that rebuttal evidence is allowed in appropriate circumstances in a reply); *see also EEOC v. Creative Networks, LLC and Res-Care, Inc.*, 2008 WL 5225807 at *2 (D.Ariz. Dec. 15, 2008) (reviewing the rule that a party may not provide "new" evidence with a reply and then deprive the opposing party of an opportunity to respond to the new evidence, and denying the motion to strike because the challenged evidence was not "new" but rather properly rebutted arguments first raised in opposition to the motion for summary judgment.) The Court finds further that Plaintiff's preferred evidence of the original transaction between Defendant and Citibank and the Disclosure Statement support the facts asserted in Plaintiff's motion for summary judgment. The Court finds that this evidence cures any deficiency in Plaintiff's evidence indicated by Defendant, even if Defendant's allegations were potentially meritorious, which the Court need not determine here.

In further effort to cast doubt upon the existence of an agreement, Defendant improperly applies California contract common law to a federal statutory claim for the collection of a defaulted guaranteed student loan pursuant to 28 U.S.C. § 1345 (granting district courts original jurisdiction of all civil actions commenced by the United States and expressly authorized by Act of Congress) and 34 C.F.R. § 682.102(e)(7) ("If a borrower defaults on a loan, the guarantor reimburses the lender for the amount of its loss. The guarantor then collects the amount owed from the borrower.") (*See* Reply 3.) Even if the California common law cited by Defendant were applicable  here, Defendant is a far cry from meeting his burden to establish an affirmative defense to rebut Plaintiff's *prima facie* case, namely the nonexistence of a contract for lack of certain terms. *See Petroff-Kline*, 557 F.3d at 290 (describing the burden-shifting with regard to affirmative defenses after the government

establishes its *prima facie* case of student loan default). Even according to the very case cited by Defendant, contract terms may be determined by custom or reasonable expectation of the parties under California law, and the contract will not fail for lack of such terms. *King*, 197 P.2d at 324.

More importantly, applicable federal law specifically provides some terms, and allows for the absence of others, with respect to student loan agreements in particular. For example, as Plaintiff explains, the applicable interest rate on consolidations loans is set by statute at 9% for loans made before July 1, 1994. (Reply 4); *see also* 34 C.F.R. § 682.202(a)(4)(i). Further, some information cannot be known at the time credit is advanced in the student loan context, such as the repayment amount and repayment schedule, because it cannot be determined until after the student completes his or her education. *See Petroff-Kline*, 557 F.3d at 295 (discussing student loan agreements in the context of asserted TILA violations).  Clearly, the federal law governing the type of student loan agreement at issue in this case  is distinct at least in some ways from state common law principles, and establishing its own requirements for the government's collection of amounts owed from defaulting borrowers, which  Plaintiff has satisfied here.

Thus, the Court finds that Plaintiff has provided competent summary judgment evidence to support a *prima facie* case for student loan default, and that Defendant's arguments do not raise genuine issues of material fact precluding summary judgment.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **GRANTED**. The Clerk of Court is directed to enter judgment against Defendant in the amount of $45,841.11 principal, plus interest at 9% per annum from March 28, 1998 to the date of this judgment. Plaintiff is also entitled to recover costs pursuant to 31 U.S.C. § 3717(e)(1). This amount is subject to increase due to accrual of post-judgment interest pursuant to 28 U.S.C. § 1961(b).

The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED:  February 21, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge